## WOOD v. WARD et al.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. WILLS—CONSTRUCTION—ESTATE DEVISED—LIFE ESTATES—TRUSTS.

    Testator, after devising a life estate in his farm to his wife, devised the same to his adopted son during his natural life, and after his death to his children, in case he left children him surviving, of the age of 21 years and upwards, otherwise to testator's other sons. By a subsequent clause he provided that the property and the avails thereof devised to such adopted son were given with the intent of providing for him a means to support himself and family, and that no part of the same should in any event become liable for any of his debts. *Held*, that the devise created a life estate in such adopted son, and that the subsequent clause was insufficient to change the same from absolute ownership to that of an estate in trust.

Appeal from special term, Jefferson county.

Action by Oscar M. Wood, as trustee in bankruptcy of James C. Ward, known as James C. Dillenbeck, against James C. Ward and others, to recover the bankrupt's interest in certain real estate devised. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

B. A. Field, for appellant.
C. H. Walts, for respondents.

HISCOCK, J. We think that the adjudication contained in the judgment appealed from, that the interest in the farm involved was held by the bankrupt as a trustee, was erroneous, and that, therefore, the judgment appealed from should be reversed. This action was brought by plaintiff to secure possession for the benefit of creditors of certain property claimed by him to belong to the bankrupt. The substantial contention upon the trial was, as it is upon this appeal, whether a life interest in a certain farm situated in Jefferson county was held by the bankrupt absolutely and for his own benefit, or by him in trust for the benefit of himself and his family. Said interest was devised by the will of one William Dillenbeck, who, during life, adopted the bankrupt, and the determination of the question thus above presented is to be determined solely by construction of said will.

The clauses in the original will which bear upon the question are as follows:

"Third. After the death of my said wife I hereby give the use and occupation of my said farm (the one in question and in which a life estate was devised to the testator's wife) so given to her during her life to my adopted son, James C. Ward, now called James C. Dillenbeck, to have and to hold the same during his natural life, and after his death the same to go to his children absolutely in case he leaves children him surviving of the age of twenty-one years or upwards, and, in case he leaves no children him surviving of the age of twenty-one years or upwards, then and in that event I give and devise said real and personal estate so given to my wife during her life, and to my said adopted son, James C., during his life, consisting of said farm in towns of Lyme and Clayton, and the personal property thereon, to my sons. * * * But all the property and all the avails thereof hereby given to said James C. is given for the purpose and with the intent of providing for him a means to support himself and his family, and no part of said property shall in any event be or become liable for any of his debts."

Subsequently the testator executed a codicil to said will, whereby he created a life estate in said farm in the wife of said James C. Ward, provided she should survive him, with provisions for the disposition thereof in such case after her death, which were substantially similar to those already quoted, as governing the disposition of the property after the death of James C. Ward.

We regard it as perfectly clear that by the original clause of devise proper above quoted, especially when construed in the light of the codicil above referred to, the testator gave to the bankrupt an absolute life estate in the farm in question. The terms employed clearly and concisely and beyond any doubt gave him the absolute use of the farm in question during his life, and provided for the disposition of said property after his death. Holding this view with reference to said provision, we are unable to agree with the view adopted by the learned trial justice and argued by the respondents here, that the final clause above quoted with reference to the object and aim of said devise turned the same into a trust estate. The clause relied upon to accomplish this purpose stands complete by itself. It undoubtedly expresses the general idea and purpose which the testator

had in mind in making the testamentary disposition in question. The expression of the purpose, however, that said property should be the means of enabling the devisee to support himself and his family, did not necessitate the erection of a trust estate. The testator might very well say, in connection with the bequest of any property to an object of his bounty, that it was given for the purpose of enabling him to earn a living and take care of his family. The conclusion is not by necessity required that such bequest would not accomplish such purpose unless the same was placed in a trust.

The testator undoubtedly intended that the property should not be taken upon debts against the devisee, and he expresses this idea clearly enough. Our idea, however, is that he thought that he secured such result merely by the declaration to that effect in his will, and that, through ignorance or otherwise, he failed to incorporate his devise in such form and language as would legally carry out this purpose.

We do not at all lose sight of the proposition urged upon us. by respondents, that the will should, if possible, be so construed as to carry out the intention of the testator. There are, however, rules restricting the court in its construction of wills for the purpose of securing the accomplishment of such intention which are so well settled as not to require statement here. We think they forbid us from putting upon the will in question a construction such as is asked for in behalf of the respondents. Proceeding from the first clause, with its creation of an absolute life estate in the devisee, to the succeeding clause referred to, we think that the latter is entirely insufficient to change the character of the life estate from that of absolute ownership to that of an estate held in trust. The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to be paid out of the property coming into the possession of the plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to be paid out of the property coming into the possession of the plaintiff. All concur.